Form acknowledged: 2012-12-24T12:35:11

**Schwab Confidentiality, Non-Solicitation, and
Intellectual Property Ownership Agreement 2013**

*charles* **SCHWAB**

> *Please read the Agreement and review the associated plan documents. Once completed, please click the
> "I Acknowledge" button at the bottom to submit this form.*

## Work Contact Information

| | | | |
|---|---|---|---|
| Name | Pomeroy, Darren | Employee ID | 45413 |
| Manager | King, Stephanie | Schwab ID | A069707 |
| Enterprise | INVESTOR SERVICES | Location | BRNMAQ-01-100R04 |
| Department | Albuquerque Nm | Phone | +1(505)878-1326 |

Please select the State you reside in          I live in a different state than those listed

## Agreement Details

I AM ENTERING INTO THIS AGREEMENT IN CONSIDERATION FOR my initial or continued at-will employment
with Charles Schwab & Co., Inc., its parent company and/or its subsidiaries, affiliates, joint venturers, and successors
(collectively, "Schwab"), and/or the compensation and other benefits I receive from Schwab, including my
participation in bonus and incentive compensation plans for which I am eligible. Acknowledging the receipt and
adequacy of this consideration, and intending to be legally bound, I agree as follows:

    (a)   that I will maintain the confidentiality of all Confidential Information and confidential Intellectual
Property, as defined below, that I develop or obtain while I work at Schwab;

    (b)   that Schwab owns all Confidential Information and Intellectual Property, and that I will not
assert any claim to the Confidential Information and/or Intellectual Property; and

    (c)   that I will not solicit or encourage Schwab's employees or Schwab's clients to leave Schwab.

The scope of these obligations, and some of the possible consequences for breaching them, are described in
more detail below

1. **Protection of Schwab's Confidential Information and Intellectual Property.** While working at Schwab, I
will develop and/or have access to Schwab's Confidential Information and/or Intellectual Property, as defined
in Paragraph 2. I acknowledge that Confidential Information and Intellectual Property is the exclusive
property of Schwab, its business partners, licensors, and/or clients, and I agree not to assert any claim to
it. Except as permitted in Paragraph 9, I agree not to use or disclose any Confidential Information and/or
Intellectual Property during or after my employment with Schwab.

2. **What is Schwab Confidential Information and Intellectual Property?** "Confidential Information" is all
information learned during my employment that is not generally known to the public. It includes, but is not
limited to: "Trade Secrets" and "Developments," as defined below; the identities of clients as clients of
Schwab; names, addresses, phone numbers, email addresses, account numbers or financial or personal
information pertaining to Schwab clients; proprietary software designs and hardware configurations;
proprietary technology; business methods or strategies; new product and service ideas; marketing, financial,
research and sales data; information sufficient to identify clients or vendors; client or vendor lists, contact,
account and related information; and all information Schwab treats or is obligated to treat as confidential,
privileged, or for internal use only, whether or not owned by Schwab. "Trade Secrets" is any information or
compilation of information that (i) has economic value from not being generally known to, and not being
readily ascertainable through proper means by, other persons who can obtain economic value from its use;
and (ii) Schwab takes reasonable steps to protect as secret. "Intellectual Property" is Schwab's copyrighted
materials, trademarks, service marks, logos, patents, Trade Secrets, and other intellectual property and
proprietary rights. I understand and agree that Confidential Information does not lose its confidential status
merely because I commit it to memory.

3. **Client Relationships.** I understand and acknowledge that (a) any clients Schwab has assigned and/or will assign me to service are assigned on a non-exclusive basis, and that Schwab may assign other employees to jointly service some or all clients with me, or Schwab may reassign me and/or other Schwab employees to service other clients at any time and at Schwab's sole discretion; (b) Schwab is providing me with resources that enable me to develop, enhance, maintain and/or support relationships with clients, and that such resources are provided at Schwab's expense and the development, enhancement, maintenance and/or support of the client relationships are solely for Schwab's benefit; and (c) any client relationships I develop, enhance, maintain or support during my employment with Schwab are relationships that belong solely to Schwab and not to me, with the exception of the clients identified on <u>Exhibit A</u>.

4. **Agreement Not to Solicit.** While I work for Schwab and for 18 months after my employment ends, I will not directly or indirectly solicit or induce: (a) any Schwab clients I serviced or about whom I gained Confidential Information (other than those listed in <u>Exhibit A</u>) (the "Clients") in an attempt to divert, transfer, or otherwise take away business from Schwab; and/or (b) any Schwab employee or contingent worker to leave his or her employment or engagement with Schwab. For purposes of this Agreement, solicitation includes initiating contact with Clients for purposes of notifying them of my new or subsequent place(s) of employment or for purposes of encouraging or inducing them to transfer their accounts to my new firm.

5. **Agreement to Provide Notice of Resignation.**
If Schwab assigns or has assigned me to service specific retail client account relationships during the course of my employment, I will provide Schwab with four (4) weeks notice of my resignation from Schwab as more specifically provided throughout this paragraph 5. The first four (4) weeks following submission of a resignation in compliance with paragraph 5(a) below shall be the "Notice Period." I acknowledge and understand that during the course of my employment with Schwab, I may be or may have been assigned specific Schwab clients to service, and also that I have had and will have access to, and may help the company develop, Confidential Information pertaining to such clients. I also acknowledge and understand that my position with Schwab may require me to develop and maintain relationships with Schwab clients, and that the process of cultivating relationships and developing client data and files can take a great deal of time and effort. Consequently, in the event I resign my employment, in order to help effectuate and ensure an orderly transition, I agree to provide Schwab with notice as follows:

(a) <u>Four Weeks Notice</u>: I will provide four weeks notice of my resignation in writing and such notice shall not be effective unless and until it is hand delivered by me personally to my manager, and, if applicable, shall include a disclosure of any new position or affiliation with another financial services firm that I have accepted, intend to accept or am considering accepting upon expiration of the Notice Period. I further agree that I will give Schwab notice pursuant to this paragraph immediately upon communicating to any prospective new employer that I have accepted or will be accepting an offer, and/or immediately upon deciding to open my own financial services firm. For purposes of this paragraph, I will be deemed to have "decided to open my own financial services firm" if, without limitation, I (i) lease space that I reasonably anticipate I will use in connection with any financial services firm; (ii) take steps to prepare or file a form ADV; (iii) take steps to incorporate or form any business entity for the purpose of providing financial consulting, investment or advisory services; (iv) agree to terms concerning affiliation with any broker/dealer; and/or (v) purchase office equipment to be used in connection with any financial advisory business other than Schwab.

(b) <u>Duties and Cooperation During Notice Period</u>: I understand that during the Notice Period my manager may ask me to take steps to help transition responsibility for client files, client data, client relationships and/or other job duties. I agree to perform these duties and tasks, as my manager in his or her sole discretion may direct, including without limitation any or all of the following: (i) organize files for transition; (ii) meet with my manager or his/her designee to review files and other data to help ensure that Schwab personnel are aware of and understand file contents and other relevant client or business related data; (iii) meet with my manager or his/her designee to review the status of client accounts and relationships for which I was assigned responsibility to help ensure that client needs may be seamlessly transitioned to and serviced by other Schwab personnel; (iv) subject to my obligations in paragraph 5(c)(i)-(ii), make telephone calls or meet with client(s); and (v) otherwise make myself available to Schwab, as requested by my manager, to provide reasonable assistance to effectuate an orderly transition of files, data and client service responsibility prior to my last day of employment. I understand that this list is neither intended to be an exhaustive list of the transition related tasks I may be required to perform, nor is it a promise that Schwab will have me engage in any or all of the listed tasks. I understand that there may be times during the Notice Period when Schwab is preparing for the transition in a way that does not involve me (e.g., while identifying and selecting a replacement employee).

(c) <u>Conduct During Notice Period</u>: I acknowledge and understand that during the Notice Period, I will be a Schwab employee and my primary job duties will involve providing assistance to Schwab to effectuate an orderly transition of client relationships, client files, client and business data, and client responsibility to other Schwab personnel as assigned by my manager. During the Notice Period, I agree that I will: (i) not (unless

authorized in writing by my manager) affirmatively initiate contact with any clients, whether by telephone, in person, via email or otherwise (except that I may respond to communications initiated by clients for the sole purpose of servicing clients); (ii) not discuss or communicate about my impending departure from Schwab with clients unless authorized in writing to do so by my manager; (iii) not take any client related data, records or information off the premises of any Schwab office or facility; (iv) not remotely access Schwab systems (I understand that such accessibility may be terminated during the Notice Period); (v) return to my Schwab manager, within one business day of tendering my notice of resignation, all files, data and information relating to Schwab clients or business which I may have had off premises during the course of my employment; (vi) not use any social networking system or function to update any clients about my employment status with Schwab and/or any impending change of such status; and (vii) if I have had remote access to Schwab computer systems or if I have ever used a non-Schwab issued computer or electronic device for work, I will, upon Schwab's request, make such personal computer(s) or other electronic devices available to Schwab and/or its computer forensic experts for imaging and searching to verify that all Schwab client data and any other non-public information has been removed. I understand and agree that a core purpose of the Notice Period is to enable the orderly transition of files, data and client responsibility to other Schwab employees, and accordingly I understand and agree that Schwab is free to and may elect to engage in a variety of transition related activities, including but not limited to notifying clients of my intent to leave Schwab, informing clients of the identity of other Schwab employees being assigned to service their accounts, introducing the clients to other Schwab personnel, and/or holding meetings with clients that may or may not include me, as my manager may elect. I agree that during the Notice Period, I owe Schwab an unmitigated duty of loyalty, and that I shall do nothing during the Notice Period that I intend or reasonably expect to further my interests or the interests of my new employer to the actual or potential detriment of Schwab.

d) <u>At Will</u>: I understand and agree that nothing in this Agreement changes my "at will" employment status, and that Schwab may end the employment relationship at any time, with or without notice, for any reason or no reason at all. Likewise, I am free to end the employment relationship at any time, subject only to my obligation to provide notice in the manner described in Paragraph 5(a). Without limitation of the foregoing, I understand that Schwab retains the right in its sole discretion to terminate my employment after receiving notice from me pursuant to Paragraph 5(a).

6. **Removal and Return of Schwab Property.** I will not remove any Schwab property, including any Confidential Information and/or Intellectual Property, in original or copied form, in electronic or hardcopy form, or any derivatives of that information, including for example handwritten or retyped information, except as required for me to carry out my job duties while employed by Schwab. Upon termination of my employment with Schwab for any reason, my acceptance of other employment, or at Schwab's request, I will immediately return to Schwab all Schwab property and documents, including but not limited to Confidential Information and/or Intellectual Property; any Schwab-issued credit cards, security badges, keys and Secure ID tokens; and all Schwab-issued electronic and telephonic equipment including but not limited to computers, mobile phones, personal data assistants, CD-ROMs, DVDs, floppy disks, Zip drives, USB storage devices, flash drives, memory cards, or other electronic devices. Notwithstanding the foregoing, I understand that Schwab may at its sole discretion permit me to have access to or retain certain of the above-mentioned items (for example, keys) during the Notice Period.

7. **Obligation to Protect Confidential Information and Intellectual Property.** I will promptly notify Schwab if I become aware of or suspect any unauthorized use or disclosure of Confidential Information and/or Intellectual Property by me or anyone else, whether intentional or accidental.

8. **Schwab's Ownership of Intellectual Property "Developments."**
   (a) **Disclosure of Developments While Employed by Schwab.** I will promptly disclose in confidence to Schwab all inventions, improvements, designs, original works of authorship, and processes, including but not limited to all computer software programs and databases, whether or not protected or capable of protection under intellectual property or other laws, as well as all works based upon, derived from, reduced from, collecting, containing or making use of any of the foregoing or of any other Confidential Information or Intellectual Property of Schwab (collectively, "<u>Developments</u>") that I create, make, conceive, implement, or first reduce to practice, either alone or with others, while I am employed by Schwab, and: (a) result from any work I perform for Schwab, whether or not in the normal course of my employment or during normal business hours; (b) reasonably relate to the actual or anticipated business, research or development of Schwab; or (c) are developed with the use of Schwab resources, facilities, Confidential Information and/or Intellectual Property.

   (b) **Help in Confirming Ownership.** I must promptly disclose Developments to Schwab whether or not the Developments are patentable, copyrightable, or protectable as Trade Secrets. I agree all Developments will be the exclusive property of Schwab, and I irrevocably assign to Schwab all rights, title, and interest I may have or acquire in and to the Developments and the right to secure registrations, renewals, reissues, and extensions in the Developments. I will sign any documents and do all things necessary, whether during my employment or after, to assist Schwab to register, perfect, maintain and enforce Schwab's rights in any

Developments, without any additional compensation.   If I fail or refuse for any reason to sign any document Schwab requires to perfect its ownership of the Developments, I appoint Schwab as my attorney-in-fact (this appointment to be irrevocable and to be a power coupled with an interest) to act on my behalf and to execute all such documents.

(c) **State Laws Relating to Ownership of Developments.** I understand if I am or become a California resident while employed by Schwab, then this Paragraph 8 will not apply to any Developments which fully qualify under Section 2870 of the California Labor Code, attached as <u>Exhibit B</u> to this Agreement.  To the extent other similar laws may apply to residents of other states, the terms of Paragraph 8 shall be limited solely to the extent provided by the applicable laws of such states.

(d) **Pre-Existing Intellectual Property.  To the extent I have any pre-existing patent, trademark, or copyright registrations, I have listed them in** <u>Exhibit C</u>.  I understand Schwab does not want to use any other person's intellectual property unlawfully. I agree to indemnify and hold Schwab harmless against any liability, and pay any loss or expense Schwab incurs, arising out of any claim that I misappropriated or infringed proprietary rights of a former employer or any other third party.

9. **Permissible Disclosure of Confidential Information and/or Intellectual Property.** I can only use or disclose Confidential Information and/or Intellectual Property to the extent: (a) necessary to perform my job duties at Schwab; (b) I receive advance written permission from an authorized senior or executive officer of Schwab; (c) I am legally compelled by subpoena or other legal process to disclose the Confidential Information and/or Intellectual Property, subject to the procedures in Paragraph 11; or (d) disclosure is sought by a government entity, regulatory agency, or self regulatory organization, subject to the procedures in Paragraph 11.  I understand that Schwab's policy and this agreement prohibit departing employees from taking client lists and account information or from recreating such information from memory.

10. **Questions About Confidential Information and/or Intellectual Property.**  If I am unsure whether information is Confidential Information and/or Intellectual Property of I have other questions, I will contact an authorized senior or executive officer of Schwab.

11. **Subpoenas and Other Legal Requests for Disclosure.**  I will give Schwab prompt notice in writing before disclosing any Confidential Information and/or Intellectual Property under Paragraph 9 subsections (c) and (d). If Schwab does not obtain an order preventing the disclosure, I agree to disclose only that Confidential Information and/or Intellectual Property that I am legally compelled to disclose and to exercise reasonable efforts to ensure that the Confidential Information and/or Intellectual Property will be treated confidentially.

12. **Discovery and Injunctive Relief.**  In the event I violate, or Schwab reasonably believes I am about to violate, this Agreement, I agree Schwab is entitled to injunctive relief to prevent the violation(s) and/or preserve the *status quo*.  I agree that in any proceeding alleging breach of this Agreement (whether in court or in arbitration), each party shall have the right to engage in deposition and document discovery, and Schwab shall have the right to conduct forensic examination(s) of any computers and/or electronic devices in my possession or control, if Schwab reasonably believes such devices contain Confidential Information and/or Intellectual Property.  I further agree that in connection with any application for injunctive relief, discovery shall be conducted on an expedited basis.  If any dispute under this Agreement is arbitrable, then I understand my agreement to engage in discovery as outlined in this paragraph is an essential term of my arbitration agreement with Schwab, and these provisions are intended to supplement and modify any applicable arbitration rules.

13. **Liquidated Damages.**  If I violate the obligations contained in Paragraphs 1, 4 or 5, I understand Schwab will suffer damages that will be difficult to quantify at the time of the violation, including, but not limited to: costs associated with investigating, monitoring, or remedying the misuse of Confidential Information; costs associated with maintaining, restoring or repairing Schwab's relationship with clients; revenue lost from client assets transferred from Schwab or diverted from Schwab's retail business to an investment advisory firm; revenue lost from client reductions in use of Schwab services; costs associated with replacing employees, including recruiting, hiring and training replacement employees, and lost productivity.  Therefore, I agree to pay Schwab the following liquidated damages:

(a) <u>Confidentiality/Solicitation of Clients</u>:  in the event that I solicit or induce Clients in violation of paragraph 4 (a), and/or use or disclose Confidential Information relating to Clients and/or their accounts in violation of paragraph 1, I agree to pay Schwab four percent (4%) of any Client assets transferred from Schwab or diverted from Schwab's retail business to an investment advisory firm, including but not limited to one using Schwab as custodian of its clients' accounts, for any Client who was solicited or induced and/or where Confidential Information was used or disclosed;

(b) <u>Solicitation of Employees</u>:  in the event that I violate paragraph 4(b) by soliciting employees, I agree to pay

Schwab seventy-five percent (75%) of the most recent full year's total annual compensation paid by Schwab to each employee solicited or induced to leave his or her employment;

(c) Client Contact During Notice Period: in the event that I fail to provide notice as required by Paragraph 5, or if I voluntarily terminate my employment before the expiration of the Notice Period, I agree that with respect to each and every Client with whom I communicate during the Notice Period, regardless of whether I initiate the communication with the Client or the Client initiates communication with me, I will pay Schwab liquidated damages equal to four percent (4%) of each such Clients' assets that transfer from Schwab within 18 months of the date on which my employment ends. I further agree that if I communicate with clients in violation of Paragraph 5(c)(i)-(ii) or (vi), I will pay Schwab liquidated damages equal to four percent (4%) of each such Clients' assets that transfer from Schwab within 18 months of the date on which my employment ends.

It is agreed and understood that Schwab is not seeking a double recovery with respect to the application of the liquidated damages provisions contained herein, and that Schwab does not and will not seek liquidated damages in an amount greater than four percent (4%) of any assets that transfer from Schwab. By way of example, if I breach both my non-solicitation and confidentiality obligations, Schwab will be entitled to a total of four percent liquidated damages notwithstanding its entitlement to liquidated damages under both Paragraph 13(a) and (c). I agree that these formulas represent reasonable estimates of the compensatory damages that Schwab will incur as a result of violations of Paragraphs 1, 4 and/or 5 and are not a penalty. These liquidated damages are in addition to any other non-compensatory relief that Schwab may be entitled to, including but not limited to injunctive relief and/or punitive damages.

14. **Mobile/Cellular and/or Home Telephones.** I acknowledge and understand that Schwab has an obligation to supervise communications between its associated persons and clients to ensure that they comply with FINRA's rules regarding client communications. Accordingly, I agree that during my employment with Schwab, I will not (a) communicate with any clients via my home telephone and/or any telephone not provided by the Company, and/or (b) provide any clients with my home telephone number or the number of any non-Company-issued mobile/cellular telephone for purposes of contacting me. The restrictions in this paragraph are not intended to limit the other provisions of this Agreement. Notwithstanding the foregoing, I understand that I may be excused from the requirements of this paragraph with respect to certain clients if approved in a writing signed by my manager or Regional Branch Executive.

15. **General Provisions.** I agree that if Schwab or I bring an action to enforce any provision of this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs. If any provision of this Agreement is found to be invalid or unenforceable, I agree that such provision should be deemed modified to the extent necessary to make it enforceable. If a court or arbitration panel declines to amend the provision to make it enforceable, then the remaining provisions of this Agreement shall remain in full force and effect. The terms of this Agreement and any disputes arising out of it shall be governed by, and construed in accordance with, the laws of the state in which I was last employed by Schwab, without giving effect to such state's conflict of law principles. It is the parties' intention that this Agreement will supersede all prior agreements relating to confidentiality, non-solicitation, and intellectual property unless a court or arbitration panel finds that this Agreement is not supported by adequate consideration, in which case all prior agreements shall remain in force and effect according to their terms to the full extent permitted by law. The parties agree that this Agreement is not intended to be used and shall not be used to aid in the interpretation of any other agreements.

**Exhibit A**
List of family members and other relatives (identified by familial status) and individuals or entities to whom I provided financial services prior to joining Schwab:

☑  **click here to electronically initial Exhibit A**

**Exhibit B**
California Labor Code Section 2870

a. Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

1. Relate at the time of conception or reduction to practice of the invention to the employer's business, or