**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **CHARLES SCHWAB & CO., INC.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO:** |
| | : | **1:14-cv-00987-WJ-SCY** |
| **DARREN POMEROY** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**FINAL CONSENT DECREE**

By consent of Plaintiff Charles Schwab & Co., Inc. ("Plaintiff" or "Schwab") and Defendant Darren Pomeroy ("Mr. Pomeroy" or "Defendant"), **IT IS HEREBY ORDERED AND DECREED THAT**:

1. Through and including April 21, 2016, Mr. Pomeroy is hereby enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of any new employer, from:

    (a) soliciting any business from, or initiating any contact or communication with, any customer of Schwab whom Pomeroy serviced at Schwab, and/or any customers or prospective customers whose identities Mr. Pomeroy learned as a result of his employment with Schwab (the "Customer" or "Customers"), including for the purpose of advising any Customers of his new employment or for the purpose of inviting, encouraging, or requesting the Customer to divert business from Schwab (excluding members of Mr. Pomeroy's immediate family and any Customers who have signed account transfer forms).

2. Mr. Pomeroy is hereby enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of any new employer, from:

(a) using, disclosing, or transmitting for any purpose, including the solicitation or conducting of business or initiation of any contact with Schwab clients, the information contained in the records of Schwab, or other information pertaining to any Customers, including, but not limited to, the names, addresses, email addresses, telephone numbers, personal data and financial information of the Customers (excluding members of Mr. Pomeroy's immediate family and any Customers who have signed account transfer forms); and

(b) destroying, erasing or otherwise making unavailable for further proceedings in the related FINRA arbitration against Pomeroy, any records or documents (including data or information maintained in computer files or other electronic storage media) in Mr. Pomeroy's possession or control which were obtained from, or contain information derived from, any Schwab records, which pertain to Schwab's clients, or which relate to any of the events alleged in the Complaint in this action.

3. Mr. Pomeroy, and anyone acting in concert or participation with him, including his counsel, and any agent, employee, officer or representative of any new employer, are further ordered to return to Schwab's counsel any and all records or information pertaining to Schwab's clients or its business, and/or which were obtained by Pomeroy as a result of his employment with Schwab, whether in original, copied,

handwritten or any other form, and purge any such information from their possession, custody, or control, within 24 hours of notice to Mr. Pomeroy's counsel of record in this action of this decree; provided, however, that any information in computerized or electronic form (including but not limited to personal computers, laptop computers, tablet devices, iPhones, Android phones, mobile telephones and any other device in, or on, which data can be electronically stored) shall be provided by Mr. Pomeroy to his counsel within 48 hours of such notice, if practicable, or as soon thereafter as is reasonably feasible, and that Mr. Pomeroy shall preserve the integrity of such devices and immediately make any and all such devices available to a third-party computer forensic consultant engaged by Mr. Pomeroy for the purpose of making, and holding for safekeeping, a forensically sound image of such devices. After the image of such devices is made, any confidential customer information on the devices shall be deleted and/or purged. The parties will mutually agree on a deletion protocol.

4. This Consent Decree shall not be construed to preclude or restrict Mr. Pomeroy (a) from responding to a communication (such as answering or returning a Customer's telephone call or replying to a Customer's email) from any Customer who, on his, her, or its own volition, first initiates the communication to Mr. Pomeroy, provided further, however, that in such response Mr. Pomeroy shall not solicit or induce, or attempt to solicit or induce, such Customer to divert, transfer, or otherwise take away business from Schwab or (b) from servicing any Customer who, on his, her, or its own volition and for the purpose of doing business with Mr. Pomeroy, first contacts Mr. Pomeroy without his prior solicitation or attempted solicitation of such customer.

5. The Court shall retain jurisdiction to enforce the terms of this Final

Consent Decree.

6. Mr. Pomeroy agrees to forego an injunctive hearing pursuant to FINRA Rule 13804(b)(1) and proceed to a final hearing on the merits of Schwab's non-injunctive claims before the FINRA panel appointed to this case consistent with a schedule to be set by the arbitration panel.

7. The parties agree that Schwab will conduct a deposition of Mr. Pomeroy without the need for a subpoena at a mutually convenient date and time in Albuquerque, New Mexico, but in the absence of any agreement, at 1:00 PM (Mountain time) on Thursday, December 18, 2014.

8. The parties agree, to the extent not already done so pursuant to the requirements of paragraph 3 above, Mr. Pomeroy will provide the following documents to Schwab within five calendar days of the entry of this Final Consent Decree:

(a) all documents containing the name, contact information, and/or personal or financial information of any Schwab customer, excluding members of his immediate family;

(b) all documents concerning or reflecting a communication with any Schwab customer, excluding members of his immediate family;

(c) all phone records from October 1, 2014 to the present reflecting a communication with a Schwab customer. Communications other than those with Schwab customers may be redacted;

(d) all documents reflecting the disclosure to any third-party or the use of the information responsive to 8(a) above;

(e) all documents reflecting a communication between Pomeroy and any actual or

potential employer concerning or referring to Schwab and/or its customers. For purposes of this paragraph, the term "documents" shall include anything in paper or electronic form, such as handwritten documents, text messages, emails, etc.

9. Nothing herein is intended as an admission, acceptance, or agreement that any party engaged in any wrongdoing in connection with this matter or that Mr. Pomeroy is or may be liable to Schwab. Mr. Pomeroy consented to this decree because of his desire to resolve the injunctive-relief issue presented for decision in this action on an economical basis. The parties agree this Consent Decree is not admissible to prove the merits or lack of merits of any issue or argument relative to Schwab's claims or Mr. Pomeroy's defenses, whether before the FINRA arbitration panel or otherwise.

10. Pursuant to Fed. R. Civ. P. 41(a)(1), the parties hereby stipulate to the dismissal of the above-captioned civil action with prejudice.

_____
UNITED STATES DISTRICT JUDGE

o Stipulated:

| | |
|---|---|
| /s/ Jennifer A. Anderson | /s/ Clinton W. Marrs |
| Jennifer G. Anderson | Clinton W. Marrs |
| Modrall Sperling Roehl Harris & Sisk, P.A. | Marrs Law Ltd. |
| Bank of America Center | 1000 Gold Ave., SW |
| 500 Fourth Street, N.W., Suite 1000 | Albuquerque NM 87102 |
| Post Office Box 2168 (87103-2168) | Tel: (505) 433-3929 |
| Albuquerque, New Mexico 87102 | |
| Tel: (505) 848-1800 | |